IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH RADER,<br><br>    Defendant. | No. 1:22-cr-00057-RCL<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant Kenneth Rader faces sentencing for unlawfully parading, demonstrating, or picketing in the Capitol, in violation of 40 U.S.C. § 5104(e)(2)(G). Pursuant to the parties' plea agreement (Doc. 20), the government will move to dismiss the other three charges in the information. (Doc. 15.)

By statute, Mr. Rader faces no more than six months' imprisonment. The guidelines do not apply. The Court may also impose up to a five-year term of probation. The maximum fine is $5000, and Mr. Rader has agreed to pay $500 in restitution.

As of this filing, Mr. Rader's request to appear for sentencing by video (Doc. 29) remains pending. He respectfully asks the Court to grant this request in light of the extreme cost for himself and appointed counsel to travel to Washington, D.C. from Iowa, and to mitigate risks associated with COVID-19.

Mr. Rader does not intend to offer exhibits or testimony at his sentencing hearing. There are no outstanding objections to the Presentence Investigation Report (PSR).

In fashioning an appropriate sentence after consideration of the 18 U.S.C. § 3553(a) factors, the Court should consider the following.

Mr. Rader's criminal offense itself is likely the least serious of any January 6th offender. He entered the Capitol through the Senate Wing Door, "stood near [the] entrance, walked near a broken window, retrieved pieces of broken glass and plaster as souvenirs, . . . and then exited through the same door he used to enter." (PSR ¶ 24.) He never left the vicinity of the door. He never harmed anyone. He never encountered anyone from the Capitol Police. He left the Capitol after merely three minutes. (*Id.*) Although January 6th was certainly a sad chapter in our nation's history, Mr. Rader played merely a bit part.

Mr. Rader's acceptance of responsibility is also mitigating. He entered a timely guilty plea. He never intimated that he would take his case to trial. As he may explain in allocution, he is remorseful.

As with any case, there are aggravating factors. Mr. Rader's social media posts and messages were inflammatory and wrong (*see id.* ¶¶ 16-21, 25-26), but his bark was clearly much, much bigger than his bite. Mr. Rader's criminal history is long (*see id.* ¶¶ 32-54), but most of it stems from a long and sad history of struggling with addiction. (*See id.* ¶¶ 83-89.) He relapsed during the pendency of this case, which prompted some issues on pretrial and presentencing release. (*See id.* ¶¶ 6, 90.)

Mr. Rader is committed to accepting his punishment, moving past this ugly chapter in his life, and staying sober. He asks the Court to consider all of the relevant factors in deciding on a sentence toward the lower end of the statutory range.

                Respectfully submitted,

                */s/ Brad Hansen*
                FEDERAL DEFENDER'S OFFICE
                400 Locust Street, Suite 340
                Des Moines, Iowa 50309-2353
                PHONE: (515) 309-9610
                FAX: (515) 309-9625
                E-MAIL:  brad_hansen@fd.org
                ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, I electronically filed this document with the Clerk of Court using the ECF system, which will provide notice to all assigned attorneys.

                */s/ Theresa McClure*