UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:22-cr-00057 (RCL) |
| v. : | |
| : | |
| KENNETH RADER, : | |
| : | |
| Defendant : | |

### UNITED STATES' MOTION TO REVOKE RELEASE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to issue a warrant for the arrest of defendant Kenneth Rader, revoke his release order, and detain him pending his designation to a Bureau of Prisons facility to serve his previously imposed sentence of imprisonment.

On June 7, 2022, Rader pleaded guilty to Parading, Demonstrating, or Picketing in a Capitol Building in connection with his unlawful breach of the U.S. Capitol on January 6, 2021. *See* ECF Entry, 6/7/22. He was released on the same conditions that were imposed by the Court upon his initial appearance on January 27, 2022. *Id.*; *see also* ECF No. 13. Although Rader violated terms of his release after his conviction, *see* ECF Nos. 23, 24, 27, the Court did not revoke his release. On September 29, 2022, the Court sentenced Rader to 90 days of imprisonment and 36 months of probation. *See* ECF No. 37. The Court ordered that Rader be released, on the same terms as were imposed in January, pending execution of his sentence. *See* ECF Entry, 9/29/22.

On October 12, 2022, the Pretrial Services Agency reported that Rader was alleged to have made threatening statements on October 9, 2022 toward a family member in response to the individual's perceived cooperation with the Government in the investigation and prosecution of Rader's crime of conviction. *See* ECF Nos. 39 & 39-1. In light of these serious allegations, the United States requests the Court reconsider its determination to release Rader pending execution

1

of his sentence, to issue a warrant for his arrest, revoke his release order, and detain him pending his designation to a facility by the Bureau of Prisons.

Under 18 U.S.C. § 3143(a), a person who has been found guilty of an offense and who is awaiting execution of a sentence shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." The United States respectfully submits that Rader's admitted violation of the conditions of his release prior to sentencing, *see* ECF No. 27, and the recent allegations that he threatened individuals in retaliation for perceived cooperation with the United States, compel that reconsideration of the Court's release order is appropriate and that he should be "stepped back" into custody. There exists no clear and convincing evidence that Rader is "not likely to … pose a danger to the safety of any other person or the community" if he remains released before his sentence is executed.

Alternatively, the alleged threats would violate the conditions of Rader's release by violating federal, state, or local law, *see* ECF No. 13 at 1, and as an intimidation or attempted intimidation of a "witness, victim, juror, informant, or officer of the court," *id.* at 4. The Court therefore should revoke the release order and order Rader detained pursuant to 18 U.S.C. 3148(b).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55, Washington, D.C.  20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov