UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

KENNETH RADER,

*Defendant.*

Case No. 1:22-cr-57-RCL

## ORDER

Defendant Kenneth Rader has moved for early termination of his probation under 18 U.S.C. § 3564(c). Mot. for Early Termination of Probation, ECF No. 47. Rader previously pleaded guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Plea Agr., ECF No. 20; Min. Entry (June 7, 2022). On September 29, 2022 this Court sentenced him to a term of imprisonment of 90 days, to be followed by a term of probation of 36 months. Judgment, ECF No. 37; Min. Entry (Sept. 29, 2022). However, the D.C. Circuit later issued its decision in *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023), holding that under 18 U.S.C. § 3561(a)(3), a court sentencing a defendant for a single petty offense may impose imprisonment or probation but not both. *Little*, 78 F.4th at 454. On the basis that *Little* rendered his sentence illegal, Rader now moves for early termination of his term of probation.

Instead of filing an opposition to Rader's motion, the Government moved to hold his motion in abeyance pending the D.C. Circuit's decision in *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022). *See* Abeyance Mot., ECF No. 48. For the reasons explained below, the Court will **DENY** the Government's motion. It will further order the Government to respond to Rader's motion so that the Court may arrive at an informed decision.

1

"Resolving a motion to stay or to hold a matter in abeyance pending the outcome of a related or parallel proceeding turns upon the unique circumstances of the case, and is largely a matter of discretion for the court." *Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008). Accordingly, "[a] court may grant such a motion if it finds that '[i]n the interest of judicial economy and avoiding unnecessary litigation' a stay is appropriate." *Id.* (quoting *Al–Anazi v. Bush*, 370 F. Supp. 2d 188, 199 (D.D.C. 2005)); *cf. IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Americas*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).

Here, judicial economy does not support holding Rader's motion in abeyance. If *Caplinger* were certain to decide the issue at hand, then waiting for the Circuit's decision might well conserve the resources of the parties and the Court. However, the issues in this case and *Caplinger* are distinct. Here, the question is whether, in the context of a split sentence invalidated by *Little*, the district court should grant a defendant's motion for early termination of probation under 18 U.S.C. § 3564(c), which requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), the conduct of the defendant, and the interest of justice. 18 U.S.C. § 3564(c). By contrast, in *Caplinger* the issue is what remedy on direct appeal the *Circuit* should grant a defendant whose sentence is illegal under *Little*.[1]

---

[1] On appeal, the defendant in *Caplinger* initially challenged his split sentence for a petty offense conviction. Brief for Appellant at 4, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 1964923. After *Little*, the Circuit ordered the parties to file motions to govern future proceedings in the case. Order, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 2026197. The Government has moved to vacate Caplinger's entire sentence and remand the case for resentencing; Caplinger has moved to vacate his sentence of probation. *See* Appellee's Mot. to Govern Future Proceedings, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 2030567; Appellant's Renewed Mot. to Vacate, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 2030968. The Government

The Court therefore agrees with the conclusion of another court in this district that a motion for early termination presents issues distinct from those in *Caplinger*. *See United States v. Entrekin*, No. 21-cr-686 (RDM), 2023 WL 8827069, at *3 (D.D.C. Dec. 21, 2023) (denying the Government's motion to hold in abeyance pending *Caplinger* defendant's motion for early termination of probation, because in deciding the defendant's motion "the Court has no reason to consider the question now pending before the D.C. Circuit and no reason to hold this case in abeyance pending the D.C. Circuit's decision"). Therefore, waiting for the Circuit to decide *Caplinger* will not necessarily aid in the efficient disposition of this motion.

In addition, fairness to the defendant also favors denying the Government's motion. Every day that Rader spends on probation without a decision from this Court is a day spent under a cloud of uncertainty. Moreover, delaying decision on Rader's motion would cause Rader to spend time on probation that might prove to have been unnecessary should the Court later terminate his probation.

Because waiting to decide Rader's motion until the D.C. Circuit decides *Caplinger* is not likely to conserve judicial resources and instead may create unfairness to the defendant, the Court declines to hold his motion in abeyance. Accordingly, it is hereby:

**ORDERED** that the Government's motion to hold in abeyance is **DENIED**; and it is further

**ORDERED** that the Government shall serve and file an opposition memorandum to Rader's Motion for Early Termination of Probation within fourteen days of this Order. Rader may

---

has asked the Circuit, in the interest of "guid[ing] the district court in this and similar cases" to "clarify . . . that . . . the appropriate avenue for addressing an unlawful split sentence is not through the early termination of probation but through resentencing to a lawful sentence." Appellee's Opp'n to Appellant's Renewed Mot. to Vacate at 2–3, 23–24, *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022), Doc. No. 2032794. But the Government's suggestion to the Circuit that it provide such general guidance does not guarantee that the Court will do so, rather than simply select the remedy for this defendant on direct appeal.

serve and file a reply memorandum within seven days after service of the Government's opposition.

**IT IS SO ORDERED.**

Date: \_\_\_1/18/24\_\_\_

*Royce C. Lamberth*
Royce C. Lamberth
United States District Judge