### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

**v.**                                                                    **Case No. 1:22-cr-57-RCL**

**KENNETH RADER**,

        *Defendant.*

### MEMORANDUM ORDER

For his involvement in the January 6, 2021 attack on the United States Capitol, Defendant Kenneth Rader pleaded guilty to a single petty offense.  He received a sentence of 90 days' imprisonment, to be followed by 36 months' probation.  Rader has now moved for early termination of his probation pursuant to 18 U.S.C. § 3564(c) on the basis that his sentence is illegal under the D.C. Circuit's decision in *United States Little*, which held that a court sentencing a defendant for a single petty offense may impose imprisonment or probation but not both.  *See* 78 F.4th 453, 454 (D.C. Cir. 2023).  However, § 3564(c) invests district courts with discretion to grant early termination only when, having considered the purposes of sentencing set forth in § 3553(a), the Court is satisfied that early termination is warranted by *both* the interest of justice and the conduct of the defendant.  As Rader has failed to establish that early termination is warranted by his conduct or the § 3553(a) factors, the Court will **DENY** his motion.

### I.  BACKGROUND

On June 7, 2022, Rader pleaded guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  *See* Min. Entry (June 7, 2022); Plea Agr., ECF No. 20; Statement of Offense, ECF No. 21.  On September 29, 2022, the Court sentenced him to a term of imprisonment of 90 days, to be followed by a term of probation

of 36 months.  Judgment, ECF No. 37; Min. Entry (Sept. 29, 2022).  The Court also ordered him to pay $500 in restitution and $10 in special assessment.  Judgment 6.  In December, 2022, Rader completed his term of imprisonment and began his term of probation.

On October 16, 2022, the Probation Office alleged that Rader had violated three conditions of his probation: unlawfully possessing and using a controlled substance (methamphetamine), associating with a convicted felon without the permission of his probation officer, and failing to report for substance abuse testing.  Probation Pet., ECF No. 45.  In response, the Court modified the terms of Rader's probation by requiring him to perform 40 hours of community service.  Order, ECF No. 46.  On December 28, 2023, the United States Probation Office in the Northern District of Iowa prepared a Noncompliance Memorandum enumerating fifteen alleged violations, mostly relating to consuming methamphetamine or failing to submit to substance abuse testing.

In December, Rader moved for early termination of probation under 18 U.S.C. § 3564(c).  *See* Def. Mot., ECF No. 47.  The government moved to hold Rader's motion in abeyance until the D.C. Circuit decides *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022).  Abeyance Mot., 48.  Rader opposed this motion.  Def. Opp'n to Abeyance Mot., ECF No. 49.  The Court denied the government's motion and directed it to file an opposition memorandum to Rader's motion.  Order, ECF No. 50.  The government then filed its opposition, Gov. Opp'n, ECF No. 51, and Rader filed his reply, Def. Reply, ECF No. 53.[1]

This motion is now ripe for review.

---

[1] The government has also moved to file under seal the Noncompliance Memorandum prepared by the Probation Office in the Northern District of Iowa.  *See* Gov. Seal Mot., ECF No. 52.  This motion is not yet ripe, as Rader still has time to file an opposition if he so wishes.  *See* LCrR 47(b).  Therefore, the Court will not rule on this motion yet.  The Noncompliance Memorandum "will be treated as sealed, pending the outcome of the ruling on the motion."  *See* LCrR 49(f)(6)(i).

## II.    LEGAL STANDARD

Section 3564(c) establishes a framework for deciding motions for early termination of

probation.  It provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that
> they are applicable, may, pursuant to the provisions of the Federal Rules of
> Criminal Procedure relating to the modification of probation, terminate a term of
> probation previously ordered and discharge the defendant at any time in the case of
> a misdemeanor . . . if it is satisfied that such action is warranted by the conduct of
> the defendant and the interest of justice.

18 U.S.C. § 3564(c).   Therefore, as in the case of the parallel early termination of

supervised release statute,[2] § 3564(c) permits a court to terminate a term of probation early only if

the following three requirements are met: (1) early termination is warranted by "the interest of

justice;" (2) early termination is warranted by "the conduct of the defendant;" and (3) early

termination would be consistent with the applicable § 3553(a) factors.  *See United States v.*

*Harrison*, No. 98-cr-235-RCL-5, 2021 WL 1820289, at *3 (D.D.C. May 6, 2021) (observing that

18 U.S.C. § 3582(e)(1) "allows courts to terminate a term of supervised release early when two

conditions [concerning the interest of justice and the defendant's conduct] have been met and when

certain enumerated factors set forth in 18 U.S.C. § 3553(a) support the early termination." (citing

*United States v. Mathis-Gardner*, 783 F.3d 1286, 1287 (D.C. Cir. 2015)); *see also United States*

*v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly

indicates that a district court must conclude that the early termination of supervised release is

warranted *both* by the individual's conduct and also by the interest of justice.") (emphasis added).

---

[2] *See* 18 U.S.C. § 3583(e)(1) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

## III.   DISCUSSION

The Court will not award Rader early termination of probation under 18 U.S.C. § 3564(c). Even assuming that the alleged illegality of a sentence is an appropriate basis for a motion for early termination,[3] Rader has not established his entitlement under the statutory factors.  Even if the interest of justice warrants early termination, early termination is neither warranted by the defendant's conduct nor consistent with the § 3553(a) factors.

### A.   The Defendant's Conduct Does Not Warrant Early Termination

Rader has not established that his conduct warrants early termination because he has not shown compliance with his conditions, let alone changed circumstances or exceptionally good behavior.

Courts have typically held that defendants seeking early termination under § 3564(c) must demonstrate more than just compliance with the terms of probation.  *See, e.g.*, *United States v. Payne*, No. 1:17-cr-142, 2020 WL 2813438, at *1 (E.D. Tex. May 29, 2020) ("Courts have routinely found that 'mere compliance with the conditions of probation' does not warrant early termination of a probation term, as such behavior is required by law." quoting *United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017)); *United States v. Ferrell*, 234 F. Supp. 3d 61, 64 (D.D.C. 2017) (finding early termination not warranted by the conduct of the defendant despite her good behavior and compliance with the terms of probation); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did

---

[3] In *United States v. Lussier*, the Second Circuit held that a court may not modify a condition of supervised release under 18 U.S.C. § 3583(e)(2) on the basis that the condition is illegal.  *See United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997).  The *Lussier* Court reached this conclusion because § 3583(e)(2) does not list the legality of a condition as a relevant consideration and because using § 3583(e)(2) to attack the legality of a sentence would be "inconsistent with the scheme of appellate and collateral review established by the Sentencing Reform Act of 1984."  *Id.* at 35–37. Similar reasoning might support an argument that § 3564(c) may not be used to attack the legality of a sentence.  But the Court will not decide this question now, because even if § 3564(c) applies, early termination is clearly not warranted on the facts of this case.

nothing more than that which he was required to do by law."); *United States v. Paterno*, No. 99-cr-0037, 2002 WL 1065682, at *3 (D.N.J. Apr. 30, 2002) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, that is simply what is expected of Defendant.").

Instead, "[e]arly termination is typically granted only upon a showing of new or changed circumstances not contemplated during sentencing, 'such as exceptionally good behavior.'" *Payne*, No. 2020 WL 2813438, at *1 (quoting *United States v. Smith*, No. 3:10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)); *see also United States v. Hilton*, No. 13-cr-172-PJH, 2014 WL 3728176, at *3 (N.D. Cal. July 28, 2014) (concluding that the defendant "has failed to demonstrate 'exceptionally good behavior' or other changed circumstances that would render the three-year probation term either too harsh or inappropriately tailored to serve general punishment goals.") (citing *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).

Rader has failed to demonstrate, or even allege, changed circumstances such as exceptionally good behavior.  Rader contends that "[a]lthough he has had a small handful of alleged violations, his conduct on post-imprisonment probation has been good overall" as he "has maintained a stable residence, held employment, and not been arrested for any new crimes."  Def. Mot. 3 (citing Probation Pet. 2).   But "good overall" behavior is a far cry from *exceptionally* good behavior.  And Rader's description may be overly rosy.  The Probation Office alleges that Rader "continues to display a pattern of non-compliant behavior and has accrued a multitude of violations" while under supervision.  Noncompliance Mem. 3, ECF No. 52-1.  Therefore, Rader does not come close to establishing that his conduct warrants early termination.

**B.  The § 3353(a) Factors Weigh Against Early Termination**

Terminating Rader's probation early would be inconsistent with the applicable factors set forth in § 3553(a).

Section 3553(a) directs a court to "impose a sentence sufficient, but not greater than necessary, to comply with" the purposes of sentencing, including:

> **(a)(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> **(B)** to afford adequate deterrence to criminal conduct;
>> **(C)** to protect the public from further crimes of the defendant; and
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

> . . .

18 U.S.C. § 3553(a).

Terminating Rader's probation early would frustrate the aims articulated by Congress in § 3553(a).  In particular, granting early termination to a defendant who has not come close to showing changed conditions or exceptionally good behavior would not "promote respect for the law," and might instead undermine "adequate deterrence to criminal conduct."  *See* § 3553(a)(2)(A)–(B).  Adhering to the conditions of probation "is not exceptional such that it requires early termination of probation" because doing so "was ordered by the Court, and compliance is expected."  *United States v. Steven*, 455 F. Supp. 3d 1092, 1098 (D. Kan. 2020). And here, Rader does not even contend that he has consistently complied with his conditions of probation.  Early termination would also detract from the sentence's ability to "reflect the seriousness of" and "provide just punishment for" Rader's offense, since early termination would prevent Rader from completing the punishment the Court deemed appropriate when imposing his sentence.  *See* § 3553(a)(2)(A).  The § 3553(a) factors therefore counsel against early termination.

**C.  Even If the Interest of Justice Favors Early Termination, That Is Not Enough**

Even if the interest of justice supports terminating Rader's probation so that he does not have to finish serving an illegal sentence, that factor alone cannot justify early termination under § 3564(c).

Whether the interest of justice supports early termination is no easy question.  Rader argues that the interest of justice "strongly supports" early termination because that would release him from the kind of split sentence held illegal under *Little*.  *See* Rader Mot. 2–3.  But different considerations may point in the other direction.  The "interest of justice" phrase "does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period," *Pregent*, 190 F.3d at 283, or in this case, probation period.  The interest of justice might arguably *disfavor* early termination, because that would result in the defendant ultimately receiving an amount of punishment less than what the Court initially found appropriate under the § 3553(a) factors.  Had the Court foreseen the D.C. Circuit's decision in *Little* at the time it sentenced Rader, it would not have imposed a sentence of the same format, but it might have imposed a sentence of equivalent or greater punishment.  One might also argue that the interest of justice would not be served by permitting a defendant to circumvent the established statutory scheme for challenging illegal sentences through direct appeal, 18 U.S.C. § 3742, or collateral attack, 28 U.S.C. § 2255.  *Cf. United States v. Pryer*, No. 1:21-cr-667-RCL-2, 2024 WL 404378, at *3–8 (D.D.C. Feb. 2, 2024) (discussing the limited ways in which a defendant may challenge a sentence as illegal).

In any event, the Court need not decide how the interest of justice bears on this case.  The text of § 3564(c) makes clear that early termination must be warranted by *both* the interest of justice *and* the conduct of the defendant, and must be informed by § 3553(a) factors.  So even if

the interest of justice supports early termination, that factor alone cannot suffice to grant Rader's

motion.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the defendant's motion for early

termination is **DENIED**.

**IT IS SO ORDERED.**

Date: _____

_____
Royce C. Lamberth
United States District Judge